PRATHER v. McEVOY, TO USE OF NELSON.

A note given for a certain sum, payable in *work*, cannot be set-off in an action founded on a debt due in money; although the debt accrued for the same kind of work stipulated for in the note.

Appeal from the St. Louis Court of Common Pleas.

J. B. KING for Appellant.

*Opinion of the Court, delivered by Tompkins, Judge.*

SEPT. TERM,
1842.

Prather
v.
McEvoy, to
the use of Nel-
son.

McEvoy sued Prather before a justice of the peace, and the justice having given a judgment in his favor, Prather appealed to the court of common pleas, and that court having also given a judgment against him, he appealed to this court.

The account of McEvoy, on which the suit against Prather was founded, was for stone cut work, and the amount of the judgment was ninety dollars, the amount of the account. As an offset to this account, Prather offered in evidence a note of McEvoy, of which the following is a copy:

"Due Messrs. Blount and Baker the sum of eigty-four dollars, which is to be paid in cut stone work."

This note was assigned by Blount and Baker to Prather. The court of common pleas refused to allow this note of the plaintiff, McEvoy, to be given in evidence as an offset to the account of the plaintiff, and this act of the court is assigned for error. Men give their notes for so much money, to be paid in property, labor, &c., because it is easier for a man in this western extremity of the Union, and perhaps every where in the civilized world, to pay in some species of property or labor than in money. A cultivator of tobacco or of hemp would much more easily pay one hundred dollars in the article he cultivates than in money. He must first sell the article produced, to raise the money, which is manifestly unjust. In the present case, this man had earned his money, and probably had calculated on paying some money debt with what was due to him from Prather, or he might have calculated on applying it to the purchase of something necessary for the comfort of his family; and he had a right to at least a reasonable time to do the work after it was applied for. The profit of his business depended on the quantity of material he could prepare and vend; and after he acquired the right to have and demand from the appellant the sum of ninety dollars for work and labor

A note given for a certain sum, payable in *work*, cannot be set-off in an action

done, &c., it is very unjust to tell him that he shall be paid in a note of his own, calling for work and labor only. Take the case of a retail merchant who executes his note for ninety dollars, payable in such goods as he keeps to sell. It would be very unjust that a person who already owed him ninety dollars for other goods, &c., sold, &c., should be allowed to pay his debt with the merchant's note for ninety dollars, payable in goods.

The judgment of the court of common pleas must be affirmed.

*founded on a debt due in money, altho' the debt accrued for the same kind of work stipulated for in the note.*

### Opinion of *Scott, Judge.*

In my opinion, the appellant had no right to use the note he held as a set-off, until he had shown the appellee in default, by proving a demand and refusal. When a mechanic undertakes to pay or deliver specific articles of his trade, before his debt can be converted into money, it is necessary to make a demand upon him for the specific articles at his shop. Chipman on Contracts, p. 20. I concur in affirming the judgment.